UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 24-CR-00036-KKC

UNITED STATES OF AMERICA                                                                   PLAINTIFF

V.                                                    **PLEA AGREEMENT**

DAVID ALLEN BAXTER                                                                         DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole count of the Indictment, charging a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon.

2. The essential elements of the sole count of the Indictment are as follows:

   (a) That the defendant had been convicted of a crime punishable by imprisonment for more than one year and knew he had been convicted of such a crime punishable by imprisonment for more than one year at the time of the offense;

   (b) That the defendant, following his conviction, knowingly possessed a firearm; and

   (c) That the firearm crossed a state line prior to the defendant's possession.

3. As to the sole count of the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

   a. On February 9, 2024, in Fayette County in the Eastern District of Kentucky, Lexington Police observed the Defendant, who had an outstanding parole violation warrant, entering and exiting a residence. As the Defendant left the residence,

    officers attempted to make contact; however, the Defendant fled on foot with uniformed officers in pursuit. During the foot pursuit, the Defendant was observed reaching into his jacket pocket, appearing to grasp an object.

b. The Defendant fled to the front porch of a nearby residence where officers were able to finally catch up. As officers came onto the porch, the Defendant was observed removing a firearm from his pocket. At that point, one of the officers was able to successfully knock the firearm from the Defendant's hand before taking him into custody. The firearm, a Springfield Armory, Model: XDs-45, Cal.: .45ACP, pistol, SN: S3251397, was loaded and chambered. The firearm was later examined by a special agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and was determined to have been manufactured outside the state of Kentucky and, therefore, had crossed state lines prior to the Defendant's possession of it.

c. The Defendant admits that he knowingly possessed the above-described firearm and that his possession of the firearm was unlawful as he had previously been convicted of, and knew he had so been convicted of, the following crimes punishable by imprisonment for more than one year:

- Convicted Felon in Possession of a Handgun, Receiving Stolen Property (Firearm), and Possession of a Controlled Substance First Degree by final judgment of the Scott Circuit Court, Case No. 18-CR-00050, in December of 2019;

- Convicted Felon in Possession of a Firearm and Wanton Endangerment First Degree by final judgment of the Fayette Circuit Court, Case No. 16-CR-00354, in September of 2016;

- Trafficking in a Controlled Substance First Degree and Possession of a Controlled Substance First Degree by final judgment of the Fayette Circuit Court, Case No. 03-CR-904-003, in December of 2003; and

- Robbery First Degree by final judgment of the Fayette Circuit Court, Case No. 01-CR-01018, in May of 2001.

4. The statutory punishment for the sole count of the Indictment is not more than 15 years imprisonment, not more than a $250,0000 fine, and not more than 3 years of

supervised release. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guideline calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) The United States Sentencing Guidelines (U.S.S.G.) in effect as of November 1, 2023, will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 3 and all other provided discovery materials.

    (c) Pursuant to U.S.S.G. § 2K2.1, the base offense level is 24 as the Defendant committed the offense subsequent to one prior crime of violence and one prior controlled substance offense.

    (d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. It is the United States's position that pursuant to U.S.S.G. § 3C1.2, the offense level is increased by 2 levels as the Defendant created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. The Defendant disagrees and reserves the right to object to this enhancement at sentencing.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

10. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by

one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER IV
UNITED STATES ATTORNEY

Date: 7-12-24    By: _____
Francisco J. Villalobos II
Assistant United States Attorney

Date: 7/12/24    _____
David Allen Baxter
Defendant

Date: 7/12/24    _____
**********
Attorney for Defendant

7